UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-20558

ALEXIS LOPEZ,

 Plaintiff,

vs.

PASTEUR & WELLMAX TRANSPORTATION, LLC,

 Defendant.
_____/

## COMPLAINT

Plaintiff, Alexis Lopez, sues Defendant, Pasteur & Wellmax Transportation, LLC, as follows:

### Parties, Jurisdiction, and Venue

1. **Plaintiff, Alexis Lopez**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. Plaintiff consents to participate in this lawsuit.

3. Plaintiff was an hourly "employee" of Defendant, as the term is defined by 29 U.S.C. §203(e).

4. Plaintiff was a non-exempt employee of Defendant.

5. **Defendant, Pasteur & Wellmax Transportation, LLC,** is a *sui juris* Florida for-profit limited liability company that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

6. Defendant was Plaintiff's employers, for purposes of the FLSA, as the term

1

"employer" is defined by 29 U.S.C. §203(d).

7.  This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*

8.  Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacted business in this District, because it maintained its principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

9.  Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

*Facts Common To All Counts*

10. Defendant regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce or used instrumentalities of interstate commerce, thus making its business an enterprise covered by the Fair Labor Standards Act.

11. Defendant was at all times material engaged in interstate commerce in the course of its transportation of patients to and from locations within South Florida for medical and healthcare-related appointments which, traditionally, cannot be performed without using computers, monitors, computer networking equipment, phones, fuel, tires, vehicles, goods, materials, supplies, and equipment that have all moved through interstate commerce.

12. Defendant also engaged in interstate commerce in submitting billings and receipt of payment involving out-of-state payors.

13. Furthermore, Defendant obtained, solicited, exchanged, and sent funds to and received funds from outside of the State of Florida, regularly and recurrently used telephonic

2

transmissions going outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of its business.

14. Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 per year and/or in excess of $125,000 for each fiscal quarter during the preceding three years.

15. During this time, Plaintiff regularly and routinely utilized vehicles, cellular telephones, fuel, and other goods and supplies that moved through interstate commerce in his work for Defendant.

16. Although Plaintiff worked for Defendant (and/or its predecessor in interest) for years, he seeks redress for issues occurring between October 2, 2024, and January 17, 2025.

17. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendant.

18. Defendant agreed to pay Plaintiff $17.05999999/hour for each hour worked.

19. Starting early October 2024, Defendant required Plaintiff to work Saturdays as of.

20. Plaintiff regularly and routinely worked over 40 hours in one or more workweeks for Defendant during the time relevant to this lawsuit from his work on these Saturdays.

21. Defendant's General Manager of Transportation instructed Plaintiff and its other drivers not to clock in (and/or record time) for the work performed on Saturdays.

22. Consequently, Defendant did not pay Plaintiff for his work on Saturdays (beginning in October 2024), resulting in his being deprived of the overtime hours he worked each week.

23. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I - FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Alexis Lopez, reincorporates and re-alleges all preceding as though set forth fully herein and further alleges as follows:

24. Defendant has failed and refused to pay Plaintiff overtime wages calculated at one and a half times his regular hourly rate for all hours worked beyond 40 in a given workweek as of early October 2024.

25. Defendant willfully and intentionally refused to pay Plaintiff overtime wages of one-half times his regular pay rate for the overtime hours worked during the relevant time.

26. Defendant either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, it intentionally misled Plaintiff to believe that Defendant was not required to pay an overtime rate, and/or it concocted a scheme pursuant to which it deprived Plaintiff the overtime pay earned.

27. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Alexis Lopez, demands the entry of a judgment in her favor and against Defendant, Pasteur & Wellmax Transportation, LLC, after trial by jury, and as follows:

   a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

   b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

   c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

   d. That Plaintiff recover all interest allowed by law;

  e. That Defendant be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

  f. That the Court declare Defendant to be in willful violation of the overtime provisions of the FLSA; and

  g. Such other and further relief as the Court deems just and proper.

## COUNT II – RETALIATORY DISCHARGE IN VIOLATION OF THE FLSA

Plaintiff, Alexis Lopez, reincorporates and re-alleges paragraphs 1 through 24 as though set forth fully herein and further alleges as follows:

28. Plaintiff and Defendant's other similarly situated drivers who worked for Defendant, who worked on Saturdays, who were told not to record the hours they worked on Saturdays, and who were not paid overtime met with Defendant to complain about its failure to pay for the overtime hours worked.

29. Plaintiff thus objected and/or complained to Defendant about its failure to comply with the overtime requirements imposed by the FLSA.

30. Defendant responded that it would address Plaintiff's (and the other similarly situated drivers') concerns in about a week.

31. Defendant responded by retaliating against Plaintiff in terminating his employment (and the employment of the other similarly situated drivers) because of his (and their) objection(s)/complaint(s) about not being paid overtime wages for all the overtime hours worked.

32. Section 215(a)(3) of 29 U.S.C. makes it unlawful for an employer to retaliate against an employee who seeks to enforce his rights afforded by the FLSA.

33. Defendant violated 29 U.S.C. §215(a)(3) of the FLSA and showed reckless disregard for its prohibition against retaliation by taking adverse actions against Plaintiff (in firing him) for

objecting to or complaining about not receiving overtime pay for all hours worked overtime.

34.     When Defendant fired Plaintiff, he not only lost his job and the income he derived from it, but he also lost his identity, suffered a blow to his pride, and suffered emotionally as a direct and proximate result of Defendant's retaliatory conduct.

WHEREFORE Plaintiff, Alexis Lopez, demands the entry of a judgment in his favor and against Defendant, Pasteur & Wellmax Transportation, LLC, after trial by jury and as follows:

a. That Plaintiff recover compensatory damages for compensatory/actual damages including lost wages, lost opportunity to earn wages, future lost wages, emotional distress, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover prejudgment interest if the Court does not award liquidated damages;

c. That Plaintiff recover for the mental anguish and distress caused by Defendant's retaliatory conduct;

d. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

e. That Plaintiff recover all interest allowed by law; and

f. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Alexis Lopez, demands a trial by jury of all issues so triable.

Respectfully submitted this 6th day of February 2025,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> Tel:   305.230.4884
> *Counsel for Plaintiff*