UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-20558

ALEXIS LOPEZ,

    Plaintiff,

v.

PASTEUR & WELLMAX TRANSPORTATION, LLC,

    Defendant.
_____/

## DEFENDANT PASTEUR & WELLMAX TRANSPORTATION, LLC'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

    Defendant, Pasteur & Wellmax Transportation LLC, ("PW Transportation" or "Defendant"), through its undersigned counsel, and pursuant to FEDERAL RULES OF CIVIL PROCEDURE, files its *Original Answer and Affirmative Defenses* ("Original Answer") to the Complaint filed by Plaintiff Alexis Lopez ("Plaintiff") (the "Complaint"), and states as follows:

### PARTIES, JURISDICTION AND VENUE

    1.    PW Transportation admits that (a) it employed Plaintiff and that (b) Plaintiff was over 18 years old during his employment with PW Transportation, but PW Transportation is without sufficient information from which to admit or deny the allegations related to whether Plaintiff was a "sui juris resident of Miami Dade County" at all times material. To the extent an answer to Plaintiff's residence is required, PW Transportation denies all remaining allegations in Paragraph 1 not specifically admitted herein.

    2.    PW admits that Plaintiff has brought the above-captioned lawsuit against it, but PW Transportation is without sufficient information from which to admit or deny the allegations

related to whether Plaintiff has consented to initiating the above-captioned lawsuit. To the extent an answer to Plaintiff's residence is required, PW Transportation denies the remaining allegations in Paragraph 2.

      3.      PW Transportation admits the allegations contained in Paragraph 3.

      4.      PW Transportation denies the allegations contained in Paragraph 4.

      5.      PW Transportation admits the allegations contained in Paragraph 5.

      6.      PW Transportation admits the allegations contained in Paragraph 6.

      7.      Paragraph 7 of the Complaint contains assertions relation to jurisdiction and conclusions of law to which no answer is required. To the extent an answer is required, PW Transportation admits that this Court has subject matter jurisdiction over the claims asserted under the FLSA in this matter under the doctrine of federal question jurisdiction as asserted by Plaintiff in Paragraph 9.

      8.      Paragraph 8 of the Complaint contains conclusions of law to which no answer is required.  To the extent an answer is required, PW Transportation admits that it is registered to do business in this District, that it maintains its principal offices in this District, and that Plaintiff worked for PW Transportation in this District, but PW Transportation denies that any unlawful conduct occurred in this District giving rise to the allegations in the Complaint. Except as specifically admitted herein, PW Transportation denies all remaining allegations contained in Paragraph 8 of the Complaint.

      9.      PW Transportation denies the allegations contained in Paragraph 9.

**FACTS COMMON TO ALL COUNTS**

10. The allegations contained in Paragraph 10 contain legal conclusions to which no response is required; to the extent a response is required, PW Transportation admits that it is a business enterprise covered by the Fair Labor Standards Act ("FLSA").

11. The allegations contained in Paragraph 11 contain legal conclusions to which no response is required; to the extent a response is required, PW Transportation admits the allegations contained in Paragraph 11.

12. The allegations contained in Paragraph 12 contain legal conclusions to which no response is required; to the extent a response is required, PW Transportation admits the allegations contained in Paragraph 12.

13. PW Transportation admits the allegations contained in Paragraph 13.

14. PW Transportation admits the allegations contained in Paragraph 14.

15. PW Transportation admits the allegations contained in Paragraph 15.

16. PW Transportation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 because its centers on when Plaintiff contends he is seeking redress; to the extent a response is required, PW Transportation admits the allegations contained in Paragraph 16 that the relevant time period from which Plaintiff appears to be seeking redress is limited to October 3, 2024 to January 17, 2025.

17. PW Transportation denies the allegations contained in Paragraph 17, as it cannot specify what records it is in the exclusive control of. However, PW Transportation admits that it does have records in its possession, custody, and control that indicate Plaintiff's dates of employment.

18. PW Transportation admits the allegations contained in Paragraph 18.

19. PW Transportation denies the allegations contained in Paragraph 19.

20. PW Transportation admits that Plaintiff worked over 40 hours in more than one workweek from October 3, 2024, to January 17, 2025, but expressly denies all remaining allegations contained in Paragraph 20.

21. PW Transportation denies the allegations contained in Paragraph 21.

22. PW Transportation denies the allegations contained in Paragraph 22.

23. Plaintiff's retention of counsel does not require an admission or a denial under FED. R. CIV. P. 8(b) because it is not an allegation. To the extent a response to this Paragraph is required, PW Transportation admits that Plaintiff has retained the undersigned counsel to initiate the above-captioned lawsuit on his behalf but denies that PW Transportation engaged in any unlawful conduct that give rise to the allegations in the Complaint. Except as specifically admitted herein, PW Transportation denies all remaining allegations contained in Paragraph 23 of the Complaint.

## COUNT I – FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff's reincorporation of proceeding paragraphs does not require an admission or a denial under FED. R. CIV. P. 8(b) because it is not an allegation.

24. PW Transportation denies the allegations contained in Paragraph 24.

25. PW Transportation denies the allegations contained in Paragraph 25.

26. The allegations contained in Paragraph 26 contain legal conclusions to which no response is required; to the extent a response is required, PW Transportation denies the allegations contained in Paragraph 26.

27. PW Transportation denies the allegations contained in Paragraph 27 and the WHEREFORE paragraph, including all subparts and requested relief therein. PW Transportation

further denies that Plaintiff is entitled to any relief as he was properly classified as exempt under the FLSA and was paid properly for all time worked.

## **COUNT II – RETALIATORY DISCHARGE IN VIOLATION OF THE FLSA**

Plaintiff's reincorporation of proceeding paragraphs does not require an admission or a denial under FED. R. CIV. P. 8(b) because it is not an allegation. To the extent a response is required, PW Transportation admits that Plaintiff has reincorporated Paragraphs 1-24 as alleged herein.

28. PW Transportation denies the allegations contained in Paragraph 28.

29. PW Transportation denies the allegations contained in Paragraph 29.

30. PW Transportation denies the allegations contained in Paragraph 30.

31. PW Transportation denies the allegations contained in Paragraph 31.

32. The allegations contained in Paragraph 32 contain legal conclusions to which no response is required; to the extent a response is required, PW Transportation admits that it *would* be unlawful for an employer to retaliate against an employee who seeks to enforce his rights afforded by the statutory section cited, but denies that it ever retaliated against Plaintiff because he never made a complaint arising to the level of protected activity under the FLSA. Additionally, PW Transportation specifically denies that Plaintiff is entitled to any relief whatsoever because he was an exempt employee and/or was paid for all hours worked.

33. The allegations contained in Paragraph 33 contain legal conclusions to which no response is required; to the extent a response is required, PW Transportation denies the allegations in Paragraph 33.

34. PW Transportation is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34; to the extent a response is required,

PW Transportation denies the allegations contained in Paragraph 34 and the WHEREFORE paragraph, including all subparts and requested relief therein.

## DEMAND FOR JURY TRIAL

Plaintiff's demand for a trial by jury does not require an admission or a denial under FED. R. CIV. P. 8(b) because it is not an allegation. To the extent a response is required, PW Transportation admits that Plaintiff has demanded a trial by jury in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Pursuant to FED. R. CIV. P. 8(b) and 8(c), without altering the burden of proof, PW Transportation asserts the following defenses, which are based on its investigation to date. PW Transportation reserves the right to amend the pleadings to plead additional separate and affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise.

1. PW Transportation denies each and every material allegation of Plaintiff's Complaint that is not specifically admitted herein, regardless of paragraph number or paragraph letter (or lack thereof).

2. Some or all of the purported causes of action alleged in the Complaint are barred in whole or in part by the doctrine of waiver.

3. Some or all of the purported causes of action alleged in the Complaint are barred in whole or in part by the doctrine of accord and satisfaction.

4. Some or all of the purported causes of action alleged in the Complaint are barred in whole or in part by the equitable doctrines of laches, estoppel, and/or unclean hands.

5. Plaintiff has failed to state any claim for relief under the FLSA, or any other claim (whether based on statute, order or other law), in any count upon which relief may be granted.

6. Plaintiff did not engage in any protected activity under the FLSA from which to assert a viable claim of retaliatory discharge.

7. To the extent Plaintiff is entitled to any back pay or overtime, the compensation PW Transportation paid him constituted compensation for all hours worked.

8. PW Transportation, at all times, acted in good faith and had reasonable grounds for believing its pay practices complied with the FLSA.

9. Plaintiff's claim is barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith, in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

10. Plaintiff's claim is barred to the extent any alleged unpaid activities were not principal activities under the Portal-to-Portal Act and/or to the extent any activities are preliminary or postliminary activities as determined under the Portal-to-Portal Act.

11. Plaintiff is exempt from the overtime provisions of the FLSA and, thus, is not entitled to overtime.

12. Plaintiff failed to use curative steps provided by PW Transportation in the event he did not receive his full compensation for any workweek.

13. Plaintiff's claim for liquidated damages is barred because PW Transportation did not engage in any conduct that would rise to the level required to sustain an award of liquidated damages and/or because there is or was an active "dispute" regarding liability.

14. Plaintiff's claim is barred in whole or in part by the *de minimis* doctrine.

15. If Plaintiff establishes any violation under the FLSA, and establishes that any sums are due and owing, PW Transportation is entitled to a set-off against the sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal.

16. PW Transportation specifically denies that any act or omission on its part or the part of any of its owners, partners, employees or assigns that would justify any claim for punitive damages. Any such claim against PW Transportation is in violation of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiff's claim for punitive damages violate PW Transportation's rights to due process and to be free from excessive fines, penalties, and punishment, under both Florida and federal law.

17. If PW Transportation is found to have failed to pay any amount due to Plaintiff, any payments should be calculated at a rate of one-half the regular rate for Plaintiff, with credit applied for overtime premiums paid as may be allowed.

18. Plaintiff's claim for overtime is barred to the extent Plaintiff seeks recovery for time that is not compensable time under the FLSA, or to the extent Plaintiff, did not work over 40 hours in any given work week and, therefore, is not entitled to overtime.

19. Any award of attorneys' fees or costs, which the Court should not award, must be "reasonable" or "reasonable and necessary," and must not include fees or costs related to time the attorneys spent advancing unsuccessful claims.

20. PW Transportation reserves the right to assert such other and further defenses and affirmative defenses as they become known during the course of this matter.

## **DEFENDANT'S PRAYER**

WHEREFORE, PW Transportation, having fully answered Plaintiff's Complaint, denies that Plaintiff is entitled to any relief an prays that:

(a) This Court dismiss Plaintiff's case in its entirety;

(b) Plaintiff take nothing by way of this suit;

(c) PW Transportation be awarded its reasonable attorneys' fees and costs; and

(d) PW Transportation be awarded such other relief to which it may be justly entitled.

Dated: March 6, 2025                                          Respectfully submitted,

**POLSINELLI PC**

By: */s/ Michelle G. Bernstein*
Michelle G. Bernstein
Florida Bar Number: 1030736
315 S. Biscayne Blvd., Suite 400
Miami, FL  33131
Telephone: (305) 921-1818
Facsimile: (305) 921-1801
mbernstein@polsinelli.com
cmoreno@polsinelli.com

**Robert J. Hingula\*** (MO 56353)
*(\*pro hac vice forthcoming)*
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112
Phone: (816) 753-1000
Fax: (816) 753-1536
Email: rhingula@polsinelli.com

**Derek A. McKee\*** (TX 24108765)
*(\*pro hac vice forthcoming)*
2950 N. Harwood Street, Suite 2100
Dallas, Texas 75201
Phone: (214) 754-5741
Fax: (214) 292-9487
Email: dmckee@polsinelli.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 6th day of March, 2025, on all counsel of record via the Court's CM/ECF system pursuant to the FEDERAL RULES OF CIVIL PROCEDURE.

*/s/ Michelle G. Bernstein*
Michelle G. Bernstein