UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-20558

ALEXIS LOPEZ,

    Plaintiff,

v.

PASTEUR & WELLMAX TRANSPORTATION, LLC,

    Defendant.

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM

In accordance with the Court's Notice of Court Practice in Actions Brought Under the Fair Labor Standards Act entered February 7, 2025 (Dkt. 4) Defendant, Pasteur & Wellmax Transportation LLC, ("PW Transportation" or "Defendant"), by and through its undersigned counsel, hereby submits the following Response to Plaintiff's Statement of Claim (Dkt. 7).

## PRELIMINARY STATEMENT

As discussed herein, Defendant denies that it violated the Fair Labor Standards Act ("FLSA") or any other law, and PW Transportation denies that it retaliated against Plaintiff or wrongfully discharged him for any reason. Plaintiff was properly classified as an exempt employee under the FLSA. Furthermore, Plaintiff did not work overtime during any workweek from October 3, 2024, to January 17, 2025, during which he was not paid for all hours worked. In sum, Defendant denies that Plaintiff is entitled to any relief based on his claims whatsoever.

Defendant further asserts that this document does not have the status of a pleading and is merely intended to be used by the District Court as a case management tool. *See, e.g., Forbes v. Britt's Bow Wow Boutique, Inc.*, No. 23-CV-23216, 2024 WL 3874596, at *9 (S.D. Fla. Aug. 20, 2024) (citing *Calderon v. Baker Concrete Const., Inc.,* 771 F.3d 807, 811 (11th Cir. 2014)).

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM**    1

## INFORMATION REQUESTED BY THE COURT

1. PW Transportation denies the allegations contained in Paragraph 1.

2. PW Transportation is without information sufficient to admit or deny this paragraph. To the extent PW Transportation must respond to this paragraph, PW Transportation admits the allegations contained in Paragraph 2.

3. PW Transportation denies the allegations contained in Paragraph 3. Plaintiff was paid for all overtime he worked on three separate weeks during the relevant time period.

4. PW Transportation denies the allegations contained in Paragraph 4. Plaintiff was paid for all overtime he worked on three separate weeks during the relevant time period.

5. PW Transportation admits that Plaintiff is making allegations for overtime he allegedly worked from October 3, 2024, to January 17, 2025, but PW Transportation denies that Plaintiff is owed any overtime compensation as asserted in Paragraph 5.

6. PW Transportation admits that Plaintiff is seeking liquidated damages and attorneys' fees in this case, but PW Transportation denies that Plaintiff is owed any overtime compensation, liquidated damages, or attorneys' fees as asserted in Paragraph 6.

7. PW Transportation admits the allegations contained in Paragraph 7.

8. PW Transportation admits the allegations contained in Paragraph 8.

9. PW Transportation admits the allegations contained in Paragraph 9.

## DEFENDANT'S AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state any claim for relief under the FLSA, or any other claim (whether based on statute, order or other law), in any count upon which relief may be granted.

2. Plaintiff did not engage in any protected activity under the FLSA from which to assert a viable claim of retaliatory discharge.

3. To the extent Plaintiff is entitled to any back pay or overtime, the compensation PW Transportation paid him constituted compensation for all hours worked.

4. PW Transportation, at all times, acted in good faith and had reasonable grounds for believing its pay practices complied with the FLSA.

5. Plaintiff's claim is barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith, in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

6. Plaintiff's claim is barred to the extent any alleged unpaid activities were not principal activities under the Portal-to-Portal Act and/or to the extent any activities are preliminary or postliminary activities as determined under the Portal-to-Portal Act.

7. Plaintiff is exempt from the overtime provisions of the FLSA and, thus, is not entitled to overtime.

8. Plaintiff failed to use curative steps provided by PW Transportation in the event he did not receive his full compensation for any workweek.

9. Plaintiff's claim for liquidated damages is barred because PW Transportation did not engage in any conduct that would rise to the level required to sustain an award of liquidated damages and/or because there is or was an active "dispute" regarding liability.

10. Plaintiff's claim is barred in whole or in part by the *de minimis* doctrine.

11. If Plaintiff establishes any violation under the FLSA, and establishes that any sums are due and owing, PW Transportation is entitled to a set-off against the sum to the extent paid,

tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal.

12. PW Transportation specifically denies that any act or omission on its part or the part of any of its owners, partners, employees or assigns that would justify any claim for punitive damages. Any such claim against PW Transportation is in violation of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiff's claim for punitive damages violate PW Transportation's rights to due process and to be free from excessive fines, penalties, and punishment, under both Florida and federal law.

13. If PW Transportation is found to have failed to pay any amount due to Plaintiff, any payments should be calculated at a rate of one-half the regular rate for Plaintiff, with credit applied for overtime premiums paid as may be allowed.

14. Plaintiff's claim for overtime is barred to the extent Plaintiff seeks recovery for time that is not compensable time under the FLSA, or to the extent Plaintiff, did not work over 40 hours in any given work week and, therefore, is not entitled to overtime.

15. Any award of attorneys' fees or costs, which the Court should not award, must be "reasonable" or "reasonable and necessary," and must not include fees or costs related to time the attorneys spent advancing unsuccessful claims.

Dated: March 19, 2025

Respectfully submitted,

**POLSINELLI PC**

By: */s/ Robert J. Hingula*
Michelle G. Bernstein
Florida Bar Number: 1030736
315 S. Biscayne Blvd., Suite 400
Miami, FL  33131
Telephone: (305) 921-1818
Facsimile: (305) 921-1801
mbernstein@polsinelli.com
FLdocketing@polsinelli.com
cmoreno@polsinelli.com

**Robert J. Hingula\*** (MO 56353)
*(\*admitted pro hac vice)*
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112
Phone: (816) 753-1000
Fax: (816) 753-1536
Email: rhingula@polsinelli.com

**Derek A. McKee\*** (TX 24108765)
*(\*admitted pro hac vice)*
2950 N. Harwood Street, Suite 2100
Dallas, Texas 75201
Phone: (214) 754-5741
Fax: (214) 292-9487
Email: dmckee@polsinelli.com

*Counsel for Defendant Pasteur & Wellmax Transportation, LLC*

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM**    5

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the foregoing was served on March 19, 2025, on all counsel of record via the Court's CM/ECF system pursuant to the FEDERAL RULES OF CIVIL PROCEDURE.

               */s/ Robert J. Hingula*
               Robert J. Hingula