UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-20558-LENARD/ELFENBEIN

ALEXIS LOPEZ,

    Plaintiff,

v.

PASTEUR & WELLMAX TRANSPORTATION, LLC,

    Defendant.
_____/

## DEFENDANT'S UNOPPOSED MOTION TO FILE CONFIDENTIAL SETTLEMENT AGREEMENT UNDER SEAL AND MEMORANDUM OF LAW IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Pasteur & Wellmax Transportation, LLC ("Defendant" or "PW Transportation"), by and through its undersigned counsel, files this *Unopposed Motion to File Confidential Settlement Agreement Under Seal and Memorandum of Law in Support* (the "Motion"). Pursuant to LOCAL RULE 5.4(b), PW Transportation requests that the Court enter an order permitting PW Transportation to file its settlement agreement with Plaintiff Alexis Lopez ("Plaintiff") under seal to protect the confidential terms and information contained therein. Plaintiff does not oppose this request. In support of this *Motion*, PW Transportation shows the following:

### I. BACKGROUND

Plaintiff filed a Complaint in this Court on February 6, 2025, against Defendant, alleging overtime wage violations and retaliatory discharge under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"). (Dkt. 1). On March 6, 2025, Defendant filed its

*Original Answer* denying the allegations. (Dkt. 8). In good faith, the parties negotiated a settlement of the claims and intend to file a motion seeking this Court's approval of such agreement.

## II.  LEGAL STANDARD

A document may be filed under seal for good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). Good cause exists when the parties' interest in keeping the information confidential outweighs the common law public right of access. *Id.* Above all, the nature and character of the information governs whether the Court should keep it sealed. *Id.*

## III.  ARGUMENT & AUTHORITIES

To determine whether good cause exists to keep information under seal, the Eleventh Circuit considers the following non-exhaustive factors when relevant: (1) whether public access would impair court functions or harm legitimate privacy interests; (2) the degree of and likelihood of injury from public disclosure; (3) the information's reliability; (4) whether there will be an opportunity to respond to the information; (5) whether the information involves public officials or public concerns; and (6) whether any less onerous alternatives exist to sealing the information. *Id.* Considering the relevant factors, the settlement agreement should be filed under seal.

*First*, publicly disclosing the settlement terms would harm legitimate privacy interests as the parties mutually agreed to keep such terms confidential. *Second*, and similarly, the terms contained in the agreement resulted from confidential negotiations between the parties based on the particular circumstances of this case – a case that is brought on an individual basis and not on behalf of a putative class. Making the negotiated terms, including monetary terms, public places both parties at a disadvantage in negotiations of any future legal dispute. *Third*, reliability is not a relevant factor under these circumstances and, *fourth*, the information does not require a response because the parties intend to jointly seek the Court's approval of the settlement agreement. *Fifth*,

the information does not involve any public officials or other matters of public concern. This agreement reflects a private settlement between private parties resolving a single-plaintiff dispute and, as such, any public interest in these terms is minimal. *See Intra Mgmt. Sols., Inc. v. Schnairsohn*, No. 0:24-cv-61334, 2024 WL 4474510, at *2 (S.D. Fla. Sept. 4, 2024) (stating that "the public interest is less" when the underlying information only relates to private parties). Finally, because all the agreement's terms are confidential, its confidentiality cannot be maintained through any less onerous alternatives. Considering the factors above, the settlement agreement should be sealed for a minimum of five years from the date this *Motion* is filed.

Should the Court be inclined to decline this *Motion*, PW Transportation respectfully requests that PW Transportation be permitted to file a redacted settlement agreement that omit sensitive information, such as the payment terms, and submit the unredacted version to the Court for an *in camera* review in order to provide it the information necessary to determine whether the FLSA settlement is fair and reasonable.

### IV.   CONCLUSION

Accordingly, PW Transportation respectfully moves for the entry of an order permitting PW Transportation to file the settlement agreement under seal.

### V.   LOCAL RULE 7.1(a) CERTIFICATION

Pursuant to LOCAL RULE 7.1(a), the undersigned counsel certifies that they have conferred in good faith regarding the relief requested in this *Motion* and Plaintiff does not oppose such relief.

Dated: July 16, 2025.            Respectfully submitted,

**POLSINELLI PC**

/s/ *Michelle G. Bernstein*
**Michelle G. Bernstein**
Florida Bar Number: 1030736
315 S. Biscayne Blvd., Suite 400
Miami, FL 33131
Telephone: (305) 921-1818
Facsimile: (305) 921-1801
mbernstein@polsinelli.com
FLdocketing@polsinelli.com
cmoreno@polsinelli.com

**Robert J. Hingula\*** (MO 56353)
*(\*admitted pro hac vice)*
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112
Phone: (816) 753-1000
Fax: (816) 753-1536
Email: rhingula@polsinelli.com

**Derek A. McKee\*** (TX 24108765)
*(\* admitted pro hac vice)*
2950 N. Harwood Street, Suite 2100
Dallas, Texas 75201
Phone: (214) 754-5741
Fax: (214) 292-9487
Email: dmckee@polsinelli.com

*Counsel for Defendant Pasteur & Wellmax Transportation, LLC*

### CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that counsel for Plaintiff, Brian Pollock, indicated that he is unopposed to the above *Motion* requesting that the settlement agreement be filed under seal.

/s/ *Derek A. McKee*
Derek A. McKee

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 16th day of July, 2025, on all counsel of record via the Court's CM/ECF system pursuant to the FEDERAL RULES OF CIVIL PROCEDURE.

                                          */s/ Michelle G. Bernstein*
                                          Michelle G. Bernstein