UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-20558-ELFENBEIN

**ALEXIS LOPEZ**,

    Plaintiff,

v.

**PASTEUR & WELLMAX TRANSPORTATION, LLC**,

    Defendant.
_____/

## ORDER APPROVING SETTLEMENT AGREEMENT

**THIS CAUSE** is before the Court following the Parties' September 11, 2025 Joint Consent to Jurisdiction by United States Magistrate Judge, in which the Parties "waive[d] their right to proceed before a District Judge of this Court and consent[ed] to have the United States Magistrate Judge currently assigned to these proceedings (Magistrate Judge Marty Fulgueira Elfenbein) conduct all further proceedings in this case, including the trial and order the entry of a final judgment." ECF No. [40]. Based on the Parties' Joint Consent, the Honorable Joan A. Lenard referred this matter to me in its entirety on September 12, 2025. *See* ECF No. [41].

### I.     BACKGROUND

On February 6, 2025, Plaintiff Alexis Lopez filed Complaint against Defendant Pasteur & Wellmax Transportation, LLC asserting two claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19. *See* ECF No. [1]. Those claims alleged that Defendant "failed and refused to pay" Plaintiff overtime compensation and that Defendant terminated Plaintiff in retaliation "for objecting to or complaining about not receiving overtime pay for all hours worked overtime." *See* ECF No. [1] at 4–6. On June 20, 2025, Plaintiff filed a Notice of Settlement informing the Court

that the Parties had "settled their dispute" and were "in the process of negotiating and executing" a "written Settlement Agreement." *See* ECF No. [31]. On June 23, 2025, Judge Lenard ordered the Parties to file their proposed settlement agreement within thirty days so that the Court could review it for approval as the Eleventh Circuit requires. *See* ECF No. [32].

On August 8, 2025, Judge Lenard referred the case to me "for a hearing on the settlement agreement." *See* ECF No. [32]. I set that hearing for August 18, 2025 (the "Hearing"). *See* ECF No. [38]. Before the Hearing, the Parties emailed their proposed settlement agreement to my chambers so that I could review it, *see* ECF No. [38], and at the Hearing, the Parties read the proposed settlement agreement into the public record as Judge Lenard had ordered them to do, *see* ECF No. [38]; ECF No. [39]. Now that the Parties have consented to Magistrate Judge jurisdiction and Judge Lenard has referred the case to me in full, I must determine whether the proposed settlement agreement is a fair compromise.

## II.     LEGAL STANDARDS

"There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1352 (11th Cir. 1982). The one relevant here arises "in the context of suits brought directly by employees against their employer to recover back wages for FLSA violations." *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1306 (11th Cir. 2013) (alteration adopted and quotation marks omitted). "In those lawsuits, the parties may present to the district court a proposed settlement and the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* (quotation marks omitted). To pass scrutiny, the agreement must be "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1355; *see also Nall*, 723 F.3d at 1308 n.3.

"If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," a court can "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food*, 679 F.2d at 1354.  When deciding whether the settlement reflects a reasonable compromise, courts in this district typically evaluate "various factors, including: (1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Nagy v. Aventura Worldwide Transp. Serv., Inc.*, 631 F. Supp. 3d 1226, 1229 (S.D. Fla. 2022); *Silva v. Miller*, 547 F. Supp. 2d 1299, 1303–04 (S.D. Fla. 2008).

"Additionally, the FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  *DeGraff v. SMA Behav. Health Servs., Inc.*, 945 F. Supp. 2d 1324, 1328 (M.D. Fla. 2013) (quotation marks omitted). When evaluating counsel's fee award, courts should consider factors like the "reasonableness of the hours expended" and "the relationship between the amount of the fee awarded and the results obtained" for the client.  *See Hensley v. Eckerhart*, 461 U.S. 424, 437, 438 n.13 (1983).

**III.   DISCUSSION**

To decide whether the settlement here reflects a reasonable compromise, the Court considered the strengths and weaknesses of the Parties' cases.  From its review of the filings, the Court notes the Parties dispute whether Plaintiff is owed any overtime compensation, was fired in retaliation for his complaints about unpaid overtime, or is entitled to relief at all.  *See* ECF No. [8]; ECF No. [19].  Given those disputes, the Parties agreed to the settlement to eliminate the burdens,

risks, delays, and expenses of further investigation or litigation.

The Parties' compromise benefits Plaintiff, who is receiving an amount for his wage-related claim that is very close to what he outlined in the Statement of Claim he filed at the beginning of the litigation. *See* ECF No. [7]. Any reduction in that original demand can be attributed to each side evaluating the relative strengths and weaknesses of their cases discussed above along with the risks associated with litigation and trial. Plaintiff is also receiving similar amounts as liquidated damages and additional consideration in exchange for his release of all potential claims against Defendant. Defendant, for its part, benefits from receiving the general release of Plaintiff's claims against it. As a result, the Court finds that the FLSA settlement amount is reasonable.

As to the reasonableness of Plaintiff's counsel's legal fees, the proposed settlement agreement awards Plaintiff's counsel attorney's fees in the amount of $6,500. It is necessary to provide attorneys an incentive to undertake class or collective actions through an award of attorney's fees at the market rate; otherwise, individuals will encounter difficulties finding counsel who are willing to take on high-risk but meritorious cases. *See Wolff v. Cash 4 Titles*, No. 03-22778-CIV, 2012 WL 5290155, at *4 (S.D. Fla. Sept. 26, 2012), *R.&R. adopted*, No. 03-22778-CIV, 2012 WL 5289628 (S.D. Fla. Oct. 25, 2012).

Here, the Court finds the agreed-upon amount of $6,500 to be reasonable under the circumstances. This case was pending for 4.5 months before the settlement, during which time Plaintiff's counsel drafted and filed the Complaint and the Statement of Claim, investigated his client's claims, conferred with his client, negotiated the settlement, and engaged in the discovery process. As a result, the Court finds that the fees award to Plaintiff's counsel is also reasonable.

For these reasons, the Court finds that the resolution reached, including as to attorney's fees, is a fair and reasonable compromise of Plaintiff's FLSA claims. The Court notes, however,

that the Settlement Agreement contains a confidentiality provision in paragraph 17.  As district courts in this Circuit have explained, confidentiality provisions in FLSA settlements are generally "unenforceable" because they operate "in contravention of the FLSA" by "precluding other employees' and the public's access to, and knowledge of," the agreement.  *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1243, 1245 (M.D. Fla. 2010).  And precluding public access to a settlement "thwarts Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace." *Id.* at 1245.

Here, though, the Parties read the proposed settlement agreement into the public record at the Hearing, *see* ECF No. [39], and the Court's approval of the proposed settlement agreement "constitutes a public act," *see Dees*, 706 F. Supp. 2d at 1244–45; *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case.").  The Court finds that the step of reading the proposed settlement agreement into the public record counteracts the policy problems with the confidentiality provision.  Therefore, the Court **APPROVES** the proposed settlement agreement.  *See Lynn's Food*, 679 F.2d at 1355; *Nall*, 723 F.3d at 1308 n.3.

IV.   CONCLUSION

The Parties' proposed settlement agreement is **APPROVED**. All hearings are **CANCELLED** and all motions are **DENIED as MOOT**.  The above-styled case is **DISMISSED WITH PREJUDICE**.  The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Miami, Florida on September 12, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All counsel of record